IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYTOWN CHRISTIAN FELLOWSHIP CHURCH, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-5173 |
| UNDERWRITERS AT LLOYD'S, LONDON, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

The plaintiff in this case, Baytown Christian Fellowship Church, sued its insurer, Underwriters at Lloyd's, London, alleging a failure to provide sufficient or proper payment for damages resulting from Hurricane Ike. Lloyds has moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 2). No response has been filed.

The first amended petition was filed in state court, under the Texas pleading standards. As a result, it contains little in the way of factual allegations. The petition asserts claims for unfair settlement practices under the Texas Insurance Code; violation of the Texas prompt payment of claims statute; breach of contract; breach of the duty of good faith and fair dealing; and fraud. The petition asserts that the storm caused the plaintiff "severe damage" to its business and "significant damage to belongings and contents within the business." (Docket Entry No. 1, Ex. 2, ¶ 10). The petition alleges that the plaintiff submitted a claim to Lloyds for the cost of repairs, but the claim was denied; some claims were underpaid; some claims were delayed; and some of the damages were "underscoped." The petition also alleges misrepresentations that the damage was not covered and

a failure to explain why "full payment" was not made.  Much of the petition essentially recites the Texas Insurance Code.

A party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." *Russell v. Watkins Ludlam Winter & Stennis, P.A.*, 181 F. App'x 441, 443 n.3 (5th Cir. 2005) (per curiam) (unpublished) (quoting FED. R. CIV. P. 12(e)).  A motion filed under Rule 12(e) "must point out the defects complained of and the details desired." *Id.* (quoting FED. R. CIV. P. 12(e)).  Lloyds has pointed out the absence of information about any damage items that were underpaid, unpaid, or delayed in payment.  Lloyds has also pointed out that there is no allegation identifying a specific alleged misrepresentation.  (Docket Entry No. 2).

Given the bare-bones nature of the petition, the motion for more definite statement is granted.  The plaintiff may file an amended complaint that meets Rule 8 and, as to the fraud claim, Rule 9(b),[1] no later than **February 28, 2011**.

SIGNED on February 7, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1]  The Fifth Circuit has held that "[s]tate law fraud claims are subject to the heightened pleading requirements of Rule 9(b). To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC.,* 600 F.3d 542d, 550-51 (5th Cir. 2010) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008); *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir. 2002)); *see also United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." (quoting *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997))).