IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAYTOWN CHRISTIAN FELLOWSHIP CHURCH, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-10-5173 |
| § | |
| UNDERWRITERS AT LLOYD'S, LONDON, § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

In this Hurricane Ike insurance-coverage dispute, the defendant, Underwriters at Lloyd's, London, has moved to strike the third amended complaint filed by the plaintiff. (Docket Entry No. 39). In the motion, Lloyd's complains that the pleading violates Rule 8(a) because it is neither short (it exceeds 40 pages) nor plain (it sets out fulsome and repetitive detail about both the background facts and the specific facts of the alleged harm to the property and the parties' actions. Lloyd's moves under Rule 12(f) of the Federal Rules of Civil Procedure, which provides:

> (f)  Motion to Strike.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott,* 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004), *aff'd on other grounds,* 277 Fed. Appx. 483 (5th Cir.2008). When, as here, the motion to strike is based on the presence of "redundant" and "immaterial" matter, courts are particularly reluctant to grant it. "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought

by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing *FDIC v. Niblo,* 821 F.Supp. 441, 449 (N.D. Tex.1993); *S.E.C. v. Cuban*, 798 F.Supp.2d 783, 787 (N.D. Tex. 2011).

"The purpose of this rule is to streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.,* 244 F.Supp.2d 393, 402 (E.D. Pa.2002). Immateriality is established by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp.,* 1997 WL 266735, at *1 (E.D. La.1997) (quoting *Succession of Wardlaw v. Whitney Nat'l Bank,* 1994 WL 479183, at *1 (E.D. La.1994)). Striking certain allegations can be appropriate when they "have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney,* 244 F.Supp.2d at 402; *see also Berry v. Lee,* 428 F.Supp.2d 546, 563 (N.D. Tex.2006); *Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir. 1985).

In this case, the third amended complaint, while clearly longer than it needs to be or should be, and overly detailed as it is, does not reach the level necessary for an order striking the entire pleading. The complaint is long in part because of formatting — the use of vertical lists — and in part because each element of each claim and each variation of each alleged fact is stated in a separate numbered paragraph. The pleading of evidence in the detail and to the extent demonstrated here is both unnecessary and distracting to the court as well as to opposing counsel; there is no litigation advantage gained. Having said that, neither the length nor the detail is prejudicial to the defendant. The background and evidentiary facts pleaded in such profuse detail is excessive but is not so pervasively immaterial as to require striking the entire complaint.

Accordingly, the motion to strike the third amended complaint, (Docket Entry No. 38), is denied.

SIGNED on July 31, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge